[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Ruling on Cross Motions for Summary Judgment
In this case, the dispositive issue is whether a "potentially responsible party" ("PRP") letter from the United States Environmental Protection Agency ("EPA") constitutes a "suit" within the meaning of certain comprehensive general liability insurance policies.
The history of this case is tortuous, but can be briefly summarized. In 1988, the plaintiff, R.T. Vanderbilt Company, Inc., filed suit against the defendant, Continental Casualty Company, Inc., in federal court seeking insurance coverage for the cleanup of environmental contamination at the plaintiff's Bethel facility. In 1989, the plaintiff accepted a $1.3 million settlement of the suit from the defendant. In 1992 and 1994, EPA sent the plaintiff PRP letters informing it of its potential liability under the Comprehensive Environmental Response, Compensation and Liability Act (CERCLA), 42 U.S.C. § 9601 et seq., for disposing of industrial wastes from its Bethel plant at landfills elsewhere in Connecticut at various times from 1965 through 1981.
In 1997, the plaintiff filed this suit seeking a declaratory judgment that the defendant must defend and indemnify it in connection with the PRP letters.[1] In an earlier summary judgment decision, the court (Sheldon, J.) held that there was a triable issue of fact concerning whether the release of liability from the 1988 suit also released the defendant in this suit. The parties have now filed additional cross motions for summary judgment. The central question is whether the 1965 and 1968 policies impose on the defendant a duty to defend the EPA actions.[2] The operative language in the 1965 policy provides that the defendant shall: "defend any suit against the insured alleging such injury, sickness, disease or destruction and seeking damages on account thereof, even if such suit is groundless, false or fraudulent; but the company may make such investigation, negotiation, and settlement of any claim or suit as it deems expedient." The 1968 policy provides: "the company shall have the right and duty to defend any suit against the CT Page 2779 insured seeking damages on account of such . . . property damage, even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient . . ."
The Connecticut appellate courts have not decided the question of whether a PRP or similar administrative action constitutes a "suit" within this type of language.[3] Courts applying Connecticut law and attempting to predict the outcome in our Supreme Court are divided. Compare Stamford Wallpaper Company, Inc. v. TIG Insurance, No. 3:95CV00058 (AVC), slip op. at 5-11 (D. Conn. June 7, 1996) (PRP letter constitutes "suit"), EDO Corp. v. Newark Insurance Company,898 F. Sup. 952, 955-61 (D. Conn. 1995) (same), with Linemaster SwitchCorp. v. Aetna Life Casualty Corp., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 396432 (July 31, 1995, Corradino, J.) (15 Conn.L.Rptr. 223) (PRP letter is not a "suit"). Nationally, the courts are also split. Compare AvondaleIndustries, Inc. v. Travelers Indemnity Co., 887 F.2d 1200, 1206 (2d Cir. 1989) (demand letter issued by New York environmental agency qualifies as "suit"), with Foster-Gardner, Inc. v. National FireInsurance Co., 18 Cal.4th 857, 959 P.2d 265, 77 Cal.Rptr.2d 107 (1988) (state potentially responsible party order is not a "suit").
Having reviewed these decisions, the court concludes that the better reasoned hold that a PRP letter is not a "suit." The basis of this conclusion is as follows. First, the term "suit" denotes court proceedings. It is not ambiguous. See Foster-Gardner, Inc. v. NationalFire Insurance Co., supra, 18 Cal.4th 879. Therefore, the rule that the court should interpret ambiguous insurance policy terms in favor of the insured, see Beach v. Middlesex Mutual Assurance Co., 205 Conn. 246,250, 532 A.2d 1297 (1987), does not apply. Second, limiting the term "suit" to proceedings involving a court complaint makes it possible to apply the rule that the duty to defend is "measured by the allegations in the complaint." (Internal quotation marks omitted.) Flint v. UniversalMachine Co., 238 Conn. 637, 646, 679 A.2d 929 (1996). When there is no complaint, but only an administrative notice or a series of letters, this rule may prove difficult to apply. Third, employing a bright line definition of "suit" limited to court proceedings is practical and reasonable. Opening up the concept of "suit" to administrative proceedings could foster more litigation and a quagmire of conflicting results over the question of whether the administrative notice was sufficiently onerous so that it resembled an actual lawsuit. SeeLinemaster Switch Corp. v. Aetna Life Casualty Corp., supra. ("Does the duty to defend abate if initial PRP letters made demands and threatened unilateral action but then later negotiations indicated there CT Page 2780 was no real dispute over EPA allegations and the company voluntarily complied with EPA demands?")
Finally, the policies in this case, as do many, provide not only that the insurer shall "defend any suit" but also that the insurer "may make such investigation, negotiation, and settlement of any claim or suit as it deems expedient." (Emphasis added.) Interpreting "suit" to mean a proceeding filed in court helps preserve a distinction between the terms "claim" and "suit" used in these policies. See Foster Gardner, Inc. v.National Fire Insurance Co., supra, 18 Cal.4th 870-71.[4] In contrast, construing the term "suit" to include prelitigation claims obliterates this distinction. Such an approach violates the rule that "[e]very provision [of a policy] is to be given effect, if possible, and no word or clause eliminated as meaningless, or disregarded as inoperative, if any reasonable meaning consistent with the other parts of the policy can be given to it." (Internal quotation marks omitted.) Hammer v. Lumberman'sMutual Casualty Co., 214 Conn. 573, 595, 573 A.2d 699 (1990).
There is no dispute in this case that the plaintiff has not requested the defendant to defend it in connection with a suit filed in court. Accordingly, the defendant has no duty to defend.
Judgment shall enter for the defendant. It is so ordered.
 Carl J. Schuman Judge, Superior Court